### Edward Harper *vs.* Samuel J. Ross.

A formal bill of sale, absolute in its terms and under seal, conveying personal property with covenants of warranty, cannot, in an action at law between the parties to it, be shown by parol evidence to have been intended only as collateral security.

Replevin of books. At the trial in the superior court, before *Morton*, J., without a jury, the plaintiff put in evidence a formal bill of sale from the defendant to him, absolute in its terms, and under seal, conveying the books with covenants of warranty. The identity of the books was admitted, but the defendant offered to prove by parol evidence that the bill of sale was given merely as collateral security for a note given by the defendant to the plaintiff to indemnify him for becoming surety for a third person at the defendant's request, upon an appeal, and that it was agreed that as soon as the plaintiff should be discharged from liability as surety he should deliver up the note and bill of sale; and that the plaintiff had been discharged from said liability. The judge rejected the evidence, and found for the plaintiff. The defendant alleged exceptions.

*S. J. Ross, pro se.*

*A. Russ*, for the plaintiff.

Chapman, J. The plaintiff derives his title to the books in question from a formal bill of sale signed and sealed by the defendant, and absolute in its terms. The defendant offered parol evidence to prove that the sale was not intended to be absolute, but that the bill was given as collateral security to the plaintiff for becoming surety for a third person, at the defendant's request, upon an appeal; and that the defendant had been discharged from his liability. He excepts to the ruling of the judge excluding the evidence.

If the writing had been a mere bill of parcels, the evidence might have been admissible. *Hazard* v. *Loring*, 10 Cush. 267 *Hildreth* v. *O'Brien, ante,* 104. The rule that parol evidence is inadmissible to vary or control a written contract is held to be inapplicable to such a paper, because a bill of parcels is an

informal document, and not used or designed to set out the terms and conditions of a contract of bargain and sale. But the rule is clearly applicable to such a bill of sale as the one produced in this case, and is uniformly adhered to in actions at law.

*Exceptions overruled.*